**JIAN LONG CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.[1]**

**No. 08–1199–ag.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Peter D. Lobel, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Kevin J. Conway, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Long Chen, a native and citizen of the People's Republic of China, seeks review of a February 13, 2008 order of the BIA denying his motion to reopen his deportation proceedings. *In re Jian Long Chen,* No. A 75 006 413 (B.I.A. Feb. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in concluding that Chen failed to show "changed [country] circumstances," a prerequisite to permitting his otherwise untimely and numerically-barred motion to reopen. 8 C.F.R. § 1003.2(c)(3)(ii). Before the BIA, Chen submitted evidence discussing ongoing religious persecution in China; he did not, however, show how such persecution had *changed. See id.* Moreover, because Chen did not specify his Christian denomination, the BIA did not abuse its discretion in concluding that the evidence he submitted—which indicated that the Chinese government primarily targets " 'cults,' " and " 'underground' " or " 'unregistered' " religious groups, *In re Jian Long Chen,* No. A 75 006 413, at 1— did not represent any "material" change in country circumstances relevant to his claim, 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

a stay of removal in this petition is DIS-MISSED as moot.